**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**JEFFREY L. BAILEY**
    Plaintiff

v.                                                                                                                    **No. 1:06CV-00098-J**

**JO ANNE B. BARNHART**
    Commissioner of Social Security
    Defendant

**MAGISTRATE JUDGE'S REPORT**
**and RECOMMENDATION**

This matter is before the court upon the plaintiff's motion for a remand for consideration of new and material evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g) (Docket Entry No. 11). The Commissioner has responded in objection to the motion, and the plaintiff has replied thereto (Docket Entry Nos. 12 and 13). The plaintiff is represented by the Honorable Dale Burchett. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636.

**Legal Standards Governing "Sentence Six" Motions**

Pursuant to the sixth sentence of 42 U.S.C. § 405(g), this court has jurisdiction to remand a case to the Commissioner for consideration of any "new evidence which is material" provided "there is good cause for the failure to incorporate such evidence into the record" as of the date of the Commissioner's final decision. When the Appeals Council declines to review an ALJ's decision, the ALJ's decision becomes the Commissioner's final decision. See <u>Cotton v. Secretary</u>, 2 F.3d 692, 695 (6th Cir., 1993) and 20 C.F.R. §§ 404.981 and 416.1581 ("Effect of Appeals Council's decision or denial of review"). In this case, the decision of

administrative law judge (ALJ) Don Paris became the Commissioner's final decision when the Appeals Counsel declined to review said decision (AR, pp. 6-8 and 20-24). Evidence submitted by a claimant after the Commissioner's final decision may be considered by a reviewing court only for the limited purpose of determining whether it is warranted to grant a motion for a "sentence six" remand. *Cline v. Commissioner*, 96 F.3d 146 (6th Cir., 1996).

The party seeking remand bears the burden of proving that it is proper. *Sizemore v. Secretary*, 865 F.2d 709, 711-712 (6th Cir., 1988). First, a movant must demonstrate materiality of the evidence. Evidence is material if there is a "reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." Id. Cumulative evidence is not material. *Young v. Secretary*, 925 F.2d 146 (6th Cir., 1990).

In addition, the party seeking remand must show good cause for late submission of the evidence. The Sixth Circuit takes a "hard line" on the issue of good cause. *Oliver v. Secretary*, 804 F.2d 964, 966 (6th Cir., 1986). Typically, the evidence in question or equivalent evidence could have been obtained sooner through a timely request or inquiry. Accordingly, good cause means more than simply that the evidence in question did not previously exist. In addition, good cause contemplates more than strategic delay, or sandbagging, of evidence and more than simple miscalculation of the necessity of producing such evidence in the first instance to establish a claim of disability. *Thomas v. Secretary*, 928 F.2d 255, 260 (8th Cir., 1991). Good cause is demonstrated by a showing that something extrinsic to the claimant's prosecution of his claim and beyond his control prevented timely production of evidence.

## The Commissioner's Denial Rationale
## As It Pertains to the Issue of Materiality

The determination of whether evidence is material cannot be answered in the abstract based upon a consideration of the evidence on its own terms. On the contrary, evidence is material or immaterial only relative to the denial rationale contained in the Commissioner's final decision. Evidence is material only if it tends to undermine the correct application of that rationale in a particular case. Accordingly, we shall presently summarize three salient aspects of Judge Paris' decision for the limited purpose of providing a frame of reference for determining materiality:

1. The plaintiff alleged a disability onset date of October 15, 2003 (AR, p. 44). Judge Paris rendered his decision on August 23, 2005. Therefore, the sole issue is the plaintiff's disability status within that time frame.

2. An impairment is "severe" only to the extent it satisfies the so-called duration requirement, to-wit, the impairment must be expected to result in death or "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. §§ 404.1509 and 416.909. Accordingly, Judge Paris was required to consider only those impairments that satisfied the duration requirement.

3. Judge Paris denied the plaintiff's claim at the fifth and final step of the sequential evaluation process based upon testimony presented at the administrative hearing from a vocational expert (VE) (AR, pp. 20-24). The VE testified that an individual with a residual functional capacity (RFC) for "light" work would retain the ability to perform various "light" and "sedentary" jobs that exist in significant numbers in the national economy (AR, pp. 22-23 and 234-236). Judicial review contemplates a "harmless error" review. "Sedentary" work is less exertionally demanding than "light" work. Therefore, from the perspective of this court's "harmless error" review, the issue is

3

whether Judge Paris had a substantial basis for finding that the plaintiff retains the ability to perform the jobs of "sedentary" surveillance monitor and "sedentary" assembler.

In summary, evidence that was not before Judge Paris is material with respect to Judge Paris' decision only if the plaintiff shows that the evidence tends to undermine Judge Paris' ultimate finding that, between October of 2003, and August of 2005, the plaintiff did not suffer from any impairment satisfying the duration requirement that precluded the plaintiff from performing the jobs of "sedentary" surveillance monitor and "sedentary" assembler.

## Materiality

Following Judge Paris' denial decision, the plaintiff simultaneously appealed that decision and filed new applications for benefits. As a part of its consideration of the new claim, the state agency ordered consultative examinations of the plaintiff. In November of 2005, the plaintiff was examined by Ninad Karandikar, M.D., and Mohammed Ali, M.D. Copies of the narrative assessments of these physicians is appended to the plaintiff's motion (Docket Entry No. 11). Said assessments constitute the allegedly new and material evidence.

In November of 2005, Dr. Karandikar opined that the plaintiff was diagnosed with multiple sclerosis (MS) in 1994; the MS went into prolonged remission in 1996; and after 2001, the MS has been getting worse. As of November of 2005, the plaintiff's MS resulted in "significant problems with pain, numbness and tremors affecting fine manipulation and gait abnormalities and visual disturbances." The visual disturbances began "three to four weeks" prior to Dr. Karandikar's assessment, i.e., after Judge Paris' decision in August of 2005. In addition, Dr. Karandikar stated that "[o]n the basis of today's exam, there is evidence for moderate-to-severe restriction in the patient's tolerance to stooping, bending, reaching, standing, moving about, lifting, carrying, handling objects, and ability to travel was observed."

4

The plaintiff must establish not only the existence of a medically-diagnosed impairment, but also prove its severity and functional impact. *Foster v. Secretary*, 853 F.2d 483, 489 (6th Cir., 1988). In terms of specific functional restrictions, it is not apparent what Dr. Kanrandikar meant by "significant problems" and "moderate-to-severe restriction" and how they would affect the plaintiff's ability to perform the sedentary jobs cited by the ALJ. The magistrate judge concludes that Dr. Karandikar's assessment is immaterial because the plaintiff has failed to show that it is inconsistent with Judge Paris' ultimate finding, to-wit, between October of 2003, and August of 2005, the plaintiff's MS did not result in limitations satisfying the duration requirement that precluded performance a limited range of "sedentary" jobs.

The plaintiff argues that, absent Dr. Karandikar's assessment, Judge Paris had no substantial basis for his physical RFC findings and, accordingly, he had a duty to order a consultative examination (Docket Entry No. 11, p. 6). The argument is unpersuasive because the limitations contemplated by the vocational hypothetical appear to have been taken from the restrictions assigned by the nonexamining state agency physician, Dr. Brown. Compare Dr. Brown's findings and those contemplated by the hypothetical at AR, pp. 118-126 and 234-235, respectively. The ALJ had a substantial basis for his RFC because opinions of state agency physicians, such as Dr. Brown, may constitute substantial evidence in support of an ALJ's denial decision inasmuch as they are deemed to be "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(i).

In November of 2005, at the request of the state agency, Mohammed Ali, M.D., conducted a consultative psychiatric examination. Dr. Ali concluded that the plaintiff suffers from "major depressive disorder, severe, without psychotic features and mood disorder due to general medical condition ... and anxiety disorder." The vocational hypothetical contemplated that the individual has "the mental capacity to understand, retain, and carry out simple repetitive work tasks; to maintain the persistence, concentration necessary to perform such work tasks; to adequately relate to others in the work environment; and to adapt to routine changes in the work environment" (AR, p. 235). The magistrate judge concludes that Dr. Ali's assessment is immaterial because the plaintiff has failed to identify any evidence that is incompatible with a conclusion that the plaintiff has the basic mental abilities to perform a limited range of "sedentary" work.

### Good Cause

The evidence submitted by the plaintiff is immaterial. Hence, the plaintiff's motion should be denied. However, there is an independent reason why the motion should be denied. The plaintiff has failed to identify any "good cause" for his not submitting the evidence or equivalent evidence in a timely manner for Judge Paris' consideration.

The plaintiff argues as follows (Docket Entry No. 13, p. 4):

> [G]ood cause exists for failure to file the evidence with the ALJ prior to his decision for the simple reason that the evidence did not exist prior to the ALJ' decision. ... The claimant could not afford regular treatments, much less purchase consultative evaluations. Although the state agency frequently orders consultative evaluations, it did not in this case nor did the ALJ.

The magistrate judge concludes that the argument is unpersuasive because the fact that certain evidence did not exist at the time of the ALJ's decision does not supply good cause where equivalent evidence could have been introduced to the ALJ in a timely manner. Furthermore, the plaintiff's

6

attempt to fault the Commissioner for not obtaining such equivalent evidence by ordering a consultative examination is unpersuasive because the plaintiff <u>always</u> must carry the ultimate burden to prove that he is disabled. *Foster v. Commissioner*, 279 F.3d 348, 353 (6th Cir., 2001). It is true that, under certain circumstances, it is erroneous for an ALJ to dismiss a medical complaint as incredible due to lack of medical treatment where a claimant alleges inability to afford treatment. <u>See</u> Social Security Ruling 96-7p. However, that issue is more appropriately considered in the context of a judicial review of Judge Paris' decision. The magistrate judge concludes that the plaintiff has failed to demonstrate that the narrative assessments of Drs. Karandikar and Ali are material and that there was "good cause" for not submitting equivalent evidence in a timely manner for Judge Paris' consideration.

### Remand to Consider Arguments

Finally, the plaintiff argues that a remand is required in this case for consideration of arguments presented to the Appeals Council which the Appeals Council apparently never considered. The plaintiff admits that "arguments are not evidence and remand to consider arguments timely submitted to the Appeals Council would not be appropriate under sentence six of 42 U.S.C. § 405(g)" (Docket Entry No. 11, p. 7). The plaintiff argues that "remand is appropriate based on principles of due process." The argument is unpersuasive because, when the Appeals Council declines to review an ALJ's decision, the ALJ's decision becomes the Commissioner's final decision. <u>See</u> *Cotton v. Secretary*, 2 F.3d 692, 695 (6th Cir., 1993) and 20 C.F.R. §§ 404.981 and 416.1581 ("Effect of Appeals Council's decision or denial of review"). This court has jurisdiction to review the Commissioner's "final decision" and/or to grant a "sentence six" remand. <u>See</u> 42 U.S.C. § 405(g). The plaintiff's request does not appear to fall

within either of these jurisdictional grants, and he has failed to identify another source of subject matter jurisdiction.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the motion for a remand for consideration of new and material evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g) (Docket Entry No. 11) be DENIED and that, within 60 days of entry of an Order by the district judge denying the motion, the plaintiff be ORDERED to file his fact and law summary in compliance with numerical paragraph 2 of the Order entered by the Court on July 10, 2006.

**NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1), any party shall have a period of ten (10) days, excluding intervening Saturdays, Sundays, and/or legal holidays pursuant to Fed.R.Civ.P. 6(a), from the date of notice of electronic filing within which to file written objections to the foregoing report with the Clerk of the Court. Further and pursuant to Fed.R.Civ.P. 72(b), any party may file a response to objections filed by another party within ten (10) days, excluding Saturdays, Sundays, and/or intervening legal holidays, after being served with a copy of said objections. A period of three days shall be added to each ten (10) day period above pursuant to Fed.R.Civ.P. 6(e).

The court shall not conduct a <u>de novo</u> review of objections that are general, conclusory, or merely adopt previous pleadings. A copy of any objections and response thereto shall be served on the undersigned at Suite 330, 501 Broadway, Paducah, Kentucky, 42001 or via e-mail to w_david_king@kywd.uscourts.gov. Failure of a party to file timely objections shall constitute a waiver of the right to appeal by that party. *Thomas v. Arn*, 474 U.S. 140 (1985).